**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

DINGSHENG ZHANG, INDIVIDUALLY AND ON BEHALF
OF THE ESTATE OF JINXIANG AN, DECEASED,
AND ON BEHALF OF ALL HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF JINXIANG
AN, DECEASED; QI ZHANG, INDIVIDUALLY AND ON
BEHALF OF Yi.X., A MINOR CHILD AND Yu.X. , A
MINOR CHILD                                                                                             **PLAINTIFFS**

v.                                                    CIVIL ACTION NO.: 5:20-cv-00142-DCB-MTP

DAVID ALLAN BOWMAN; CARLSTEDT'S, LLC.
AND DOE DEFENDANTS 1-10                                                                **DEFENDANTS**

---

**FIRST AMENDED COMPLAINT
(TRIAL BY JURY REQUESTED)**

---

COMES NOW Dingsheng Zhang, Individually and on Behalf of the Estate of Jinxiang An, Deceased, and on Behalf of all Heirs-At-Law and Wrongful Death Beneficiaries of Jinxiang An, Deceased; Qi Zhang, individually and on behalf of YiX., a minor child and Yu.X., a minor child (hereafter "Plaintiffs"), by and through counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure and files this First Amended Complaint against the Defendants David Allan Bowman, Carlstedt's LLC, and Doe Defendants 1-10 (hereafter collectively "Defendants").  In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:

A. Parties

1. Plaintiff Dingsheng Zhang is an adult Chinese citizen with a valid B-2 tourist visa currently residing in Rankin County, Mississippi and may be contacted through the undersigned attorneys of record. Plaintiff Dingsheng Zhang is the spouse of Jinxiang An, deceased. Plaintiff Dingsheng Zhang brings this matter in an individual capacity and in a representative capacity on behalf of the Estate of Jinxiang An, Deceased and

     on behalf of all of the Heirs-at-Law and Wrongful Death Beneficiaries of Jinxiang An, Deceased.

2. Plaintiff Qi Zhang is an adult Chinese citizen with a J-1 visa currently residing in Rankin County, Mississippi and may be contacted through the undersigned attorneys of record. Plaintiff Qi Zhang is the natural mother and next friend of YiX., a minor child with a J-2 via and Yu.X., a minor child with a J-2 visa. Plaintiff Qi Zhang brings this matter in an individual capacity and in a representative capacity on behalf of Yi.X, a minor child and Yu.X., a minor child.

3. Defendant David Allan Bowman, upon information and belief is an adult resident citizen of Amite County, Mississippi, residing therein at 6769 A HWY 569 North, Smithdale, Mississippi 39664.

4. Defendant Carlstedt's LLC is a limited liability company incorporated in the State of Florida operating business in the State of Mississippi with its office located at 110 E. Michigan Ave, McComb, Mississippi 39648.

5. Doe Defendants 1-10 are other currently unknown individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject accident which involved and resulted in the death of Jinxiang An, the injuries sustained by the Plaintiffs, and in whom Plaintiffs may seek recovery of damages.

<u>B. Jurisdiction</u>

6. This Court has original jurisdiction of this matter pursuant to Title 28, United States Code, §1332(a) because there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

<u>C. Venue</u>

7. Venue is proper in this District pursuant to Title 28, United States Code, §1391(a), because the events given rise to the claims asserted occurred in the Southern District of Mississippi, Western Division.

<u>D. Facts</u>

8. On or about March 12, 2020, Qi Zhang was driving and Dingsheng Zhang, Jinxiang An, Yi.X, a minor child and Yu.X., a minor child, were passengers of a 2020 Mitsubishi Outlander traveling northbound on the northern ramp at or near the intersection of US 61 and MS 33 in Fayette, Mississippi.

9. At or around the same time on or about March 12, 2020, Defendant David Allan Bowman was operating a 2006 Ford E-Series Van in the right-hand lane driving northbound on US 61 at or near the intersection of MS 33 in Fayette, Mississippi.

Defendant Carlstedt's LLC was the owner of the vehicle which Defendant David Allan Bowman was operating.

10. Suddenly and without warning, Defendant David Allan Bowman violently collided with the driver's side of the vehicle being driven by Qi Zhang and being occupied by Dingsheng Zhang, Jinxiang An, Yi.X, a minor child and Yu.X., a minor child. Defendant David Allan Bowman' sudden negligent act of hitting the vehicle being driven by Qi Zhang and being occupied by Dingsheng Zhang, Jinxiang An, Yi.X, a minor child and Yu.X., a minor child did not provide the vehicle's driver with adequate time or distance to avoid the accident.

11. The collision on March 12, 2020 did cause Jinxiang An to be fatally injured and Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child to be severely injured. Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child have suffered numerous injuries which will require them to seek extensive medical treatment.

12. As Defendant David Allan Bowman, (i) failed to keep his vehicle under a reasonable rate of speed; (ii) failed to keep his vehicle under control; and (iii) other acts to be shown at trial; this Defendant's vehicle proximately caused the subject accident.

13. The act(s) or omission(s) of all Defendants (including potential employees of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) caused or contributed to the death of Jinxiang An and the injuries sustained by Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child.

14. The emotional and psychological trauma caused by the death of Jinxiang An directly and proximately affects all of the Plaintiffs, as well as her heirs at law and wrongful death beneficiaries.

15. The emotional and psychological trauma caused by the injuries sustained by Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child directly and proximately affects their daily lives.

16. As a result of these act(s) or omission(s), the heirs at law and wrongful death beneficiaries of Jinxiang An seek to recover damages for the net cash value of the life of the decedent, sustained conscience pain and suffering; loss of earning capacity; loss of enjoyment of life; emotional distress, past and future medical expenses, emergency care related to the deceased's final illness or injury, funeral and burial expenses, pain and suffering incurred as a result of the loved one's untimely death, loss of society and companionship of the deceased, net cash value of the lost wages and benefits the deceased would likely have earned if she had lived, and all types and kinds of economic and non-economic damages allowable by law.

17. As a result of these act(s) or omission(s), Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child suffered and continues to suffer from, but not limited

to, severe physical injuries, physical pain, emotional distress, psychological distress, mental anguish, loss of enjoyment of life, hedonic damages, medical bills, prescription drug costs, property damage and other damages more specifically set forth below and to be proven at trial. Furthermore, as the injuries develop, Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child may suffer from permanent physical pain, impairment, disfigurement, and loss of past, present and future income. Dingsheng Zhang, Qi Zhang, Yi.X., a minor child and Yu.X., a minor child seek all types and kinds of economic and non-economic damages allowable by law.

18. Defendant David Allan Bowman failed to keep his vehicle under a reasonable rate of speed, failed to keep his vehicle under control and collided with the vehicle being driven by Qi Zhang and being occupied by Dingsheng Zhang, Jinxiang An, Yi.X, a minor child and Yu.X., a minor child, which proximately caused this unfortunate accident.

19. Defendant David Allan Bowman did not have his vehicle under proper speed and control just prior to the point of impact, and also at the point of impact.

20. As a result of the Defendants' act(s) or omission(s), Plaintiffs have sustained and will continue to sustain economic as well as non-economic damages.

21. Defendants are responsible both for David Allan Bowman' actions, inaction, or conduct pursuant to the doctrine of respondeat superior and agency theory, as well as for any negligence of its own.

## E. Negligence and Motor Vehicle Negligence

22. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

23. At the time and on the occasion in question, Defendants possessed a duty of ordinary care while operating a motor vehicle in Mississippi, specifically to maintain a proper lookout and to keep the vehicle under proper control. Defendants breached their duties and were negligent in failing to do what a reasonable, prudent driver and employer would have done under these circumstances.

24. Defendants were negligent in the following particulars, including but not limited to:

    (a) failing to keep proper lookout;
    (b) failing to maintain the appropriate speed of a vehicle;
    (c) inattention while driving;
    (d) causing a motor vehicle accident;
    (e) failing to abide by the laws of the State of Mississippi;
    (f) driving in a careless or reckless manner;
    (g) failing to keep a vehicle under reasonable and proper control;
    (h) failing to take proper evasive action to avoid striking the vehicle being occupied by Dingsheng Zhang and Jinxiang An;

    (i)    colliding with the vehicle being occupied by Dingsheng Zhang and Jinxiang An; and
    (j)    other acts of negligence as will be more fully shown at trial.

25. The act(s) or omission(s) of the Defendants constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) or omission(s) of the Defendants resulted in the Plaintiffs' losses and damages.

## F. Gross Negligence

26. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27. When viewed objectively, the Defendants' act(s) or omission(s) involved an extreme degree of risk and constituted willful, wanton and reckless conduct under these circumstances. To this end, Defendants' act(s) or omission(s) constitute gross negligence under Mississippi law.

28. The act(s) or omission(s) of the Defendants constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) or omission(s) of the Defendants resulted in the Plaintiffs' losses and damages.

## G. Negligent Hiring, Retention, Supervision or Control

29. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

30. At the time and on the occasion in question, Defendant Carlstedt's LLC and Doe Defendants 1-10 were negligent in hiring, retaining, supervising or control their employee(s), servant(s), or agent(s), David Allan Bowman and Doe Defendants 1-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in placing a driver on the road. Defendants breached that duty in the following respects, among others:

    (a)    failing to adequately inquire into the competence, employment history and criminal background of employee/agent/servant, David Allan Bowman and Doe Defendants 1-10;
    (b)    failing to adequately train employee/agent/servant, David Allan Bowman and Doe Defendants 1-10;
    (c)    failing to properly supervise employee/agent/servant, David Allan Bowman and Doe Defendants 1-10;
    (d)    failing to comply with industry standards and regulations regarding supervision of drivers;
    (e)    failing to properly monitor David Allan Bowman and Doe Defendants 1-10's driving hours and logs;

    (f)    failing to require David Allan Bowman and Doe Defendants 1-10 to maintain logs and records in compliance with applicable regulations;
    (g)    failing to comply with industry standards and regulations regarding records and supervision of drivers, and;
    (h)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

32. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) or omission(s) of Defendants proximately caused Plaintiffs' damages.

### H. Respondeat Superior

33. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

34. Defendants David Allan Bowman and Doe Defendants 1-10 were in the course and scope of their employment with Defendant Carlstedt's LLC and Defendants 1-10; at all relevant times immediately subsequent and preceding the accident in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

### I. Agency

35. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

36. At the times material hereto, Defendant David Allan Bowman and Doe Defendants 1-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendant Carlstedt's LCC and Defendants 1-10, or was an apparent agent acting within his actual or apparent authority of Defendant Carlstedt's LCC and Defendants 1-10; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

### J. *Res Ipsa Loquitur* Liability

37. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38. The accident at issue is of a kind which ordinarily does not occur in the absence of someone's negligence, and the evidence will overwhelmingly show that these Defendants were negligent.

39. The accident at issue was caused by an agency or instrumentality within the exclusive control of these Defendants.

40. The accident as well as the resulting injuries was not due to any voluntary action on the part of the Plaintiffs.

41. As a result of the act(s) or omission(s) of these Defendants, Plaintiffs sustained economic as well as non-economic losses.

## K. Negligence *Per Se*

42. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43. To the extent that one or more of these Defendants, through their act(s) or omission(s) violated a Mississippi statute in the operation of the motor vehicle at issue, and (i) the Plaintiffs were in the class of persons the statute was designed to protect and (ii) the injuries they sustained were of a type the statue was designed to prevent, then these Defendants are *per se* negligent.

44. The act(s) or omission(s) of these Defendants constitute negligence *per se* and were a proximate cause of the occurrence of this accident.  Further, the act(s) or omission(s) of the Defendants results in the Plaintiffs' losses and damages.

## M. Loss of Consortium

45. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46. Plaintiffs have claims for loss of consortium as it relates to the act(s) and/or omission(s) of these Defendants which proximately caused the injuries and damages sustained by their spouse and mother, Jinxiang An.

47. As a result of the injuries Plaintiffs sustained, there were certain acts, events and functions which went lacking due to their inability to perform said acts, events and/or functions.

## N. Damages

48. As a direct and proximate result of the conduct of all Defendants, Plaintiffs have suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to the injuries and the harm they have sustained.

49. Plaintiffs request an award of all kinds of wrongful death, economic, non-economic, actual, compensatory, special, incidental and consequential damages available to them under the law.

50. Plaintiffs have suffered out-of-pocket expenses which include attorneys' fees, costs of court and other expenses.  Accordingly, Plaintiffs seek all general, special, incidental

and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

51. The amount of total damages suffered by the Plaintiffs is significant and continuing in nature.

### O. Punitive Damages

52. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

53. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of these Defendants, constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

### P. Right to Amend Pursuant to Fed.R.Civ.P. 15

54. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

### Q. Jury Trial Demanded

55. Plaintiffs demand a jury trial.

### R. Prayer for Relief

56. For these reasons, Plaintiffs ask for judgment against all Defendants for the following:

   a. Damages for the net cash value of the life of the decedent, sustained conscience pain and suffering; loss of earning capacity; loss of enjoyment of life; emotional distress, past and future medical expenses, emergency care related to the deceased's final illness or injury, funeral and burial expenses, pain and suffering incurred as a result of the loved one's untimely death, loss of society and companionship of the deceased, net cash value of the lost wages and benefits the deceased would likely have earned if she had lived;

   b. Damages for the sustained conscience pain and suffering; loss of earning capacity; loss of enjoyment of life; emotional distress, past and future medical expenses, net cash value of the lost wages and benefits the Plaintiff would likely have earned if he had not been injured, and all types and kinds of economic and non-economic damages allowable by law;

    c. All kinds of economic and non-economic damages, including compensation for all injuries complained of herein, including but not limited to past, present and future emotional pain and suffering, mental distress, related medical bills, loss of earning capacity, past and future loss of enjoyment and quality of life, severe mental pain, anguish, suffering, dismemberment, disfigurement, inconvenience, worry, emotional distress, loss of society and companionship, physical impairment, hedonic damages and others;

    d. Punitive damages against all Defendants in an amount sufficient to punish said Defendants for their egregious conduct and to deter Defendants and others similarly situated from engaging in such conduct in the future;

    e. Reasonable attorneys' fees;

    f. Costs of suit;

    g. Pre-judgment interest at the maximum legal rate for all damages suffered;

    h. Post-judgment interest at the maximum legal rate for all damage suffered; and

    i. For such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, economic, non-economic, exemplary, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted this the 1st day of July, 2020.

        **DINGSHENG ZHANG, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JINXIANG AN, DECEASED, AND ON BEHALF OF ALL HEIR-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF JINXIANG AN, DEACEASED**

        <u>**Counsel for Plaintiffs:**</u>

        __ /s/ Thomas J. Bellinder, Esq. _____

>Thomas J. Bellinder (MSB # 103115)
>Xiwei Wu (MSB # 105231)
>**BELLINDER LAW FIRM**
>Pinnacle at Jackson Place
>190 E. Capitol Street, Suite 460
>Jackson, MS 39201
>Phone:  (601) 487-9340
>Fax: (601) 265-1795
>Email:  Thomas.Bellinder@BellinderLawFirm.com
>
>and
>
>**QI ZHANG, INDIVIDUALLY AND ON BEHALF OF Yi.X., A MINOR CHILD AND Yu.X. , A MINOR CHILD**
>
>**Counsel for Plaintiffs:**
>
>__ /s/ Joshua M. Coe, Esq. _____
>Joshua M. Coe (MSB # 104155)
>**AKERS LAW GROUP**
>20 Eastgate Drive, Suite D
>Brandon, MS 39042
>Phone: (601) 825-4566
>Facsimile: (601) 825-4588
>Email:  Joshua.Coe@akerslawgroup.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, one of the attorneys for Plaintiffs, electronically filed the foregoing motion with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record:

CERTIFIED on this the 1st day of July, 2020.

>/s/Thomas J. Bellinder_____
>THOMAS J. BELLINDER